# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re:   SUSAN K. NOLEN,                                    No. 7-07-11621 MA

Debtor.

## ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE A § 707(b)(3) MOTION TO DISMISS

THIS MATTER is before the Court on the Motion for Extension of Time to File a § 707(b)(3) Motion to Dismiss ("Motion"), filed by the United States Trustee on October 5, 2007. The United States Trustee requests an extension of the deadline for filing a motion to dismiss under 11 U.S.C. § 707(b)(3) for period of sixty days so that further investigation can be made into the Debtor's pre-petition credit card expenditures totaling approximately $189,000.00. The Court held a final hearing on the Motion and took the matter under advisement. Upon review of the record of this proceeding, the Court finds that the Motion should be denied. In reaching this determination, the Court FINDS:

1. Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 4, 2007.

2. Debtor's schedule F lists unsecured, non-priority claims in the amount of $118,779.00. A majority of the listed claims are identified as "revolving credit purchases."

3. The creditors' meeting under 11 U.S.C. § 341 was held on August 10, 2007.

4. On August 20, 2007 the United States Trustee filed a notice determining that the Debtor's case is presumed to be an abuse under 11 U.S.C. § 707(b). In order to make this determination, the United States trustee was required to "review all materials filed by the debtor." 11 U.S.C. § 704(b)(1).

1

5. Pursuant to 11 U.S.C. § 704(b), the United States Trustee has thirty days from the date of the filing of a statement as to whether a presumption of abuse arises under 11 U.S.C. § 707(b), within which to file a motion to dismiss or a statement stating why a motion to dismiss is not appropriate. That section provides, in relevant part:

> The United States trustee (or bankruptcy administrator, if any) shall, not later than 30 days after the date of filing a statement under paragraph (1), either file a motion to dismiss or convert under section707(b) or file a statement setting forth the reasons the United States trustee (or the bankruptcy administrator, if any) does not consider such a motion to be appropriate, if the United States trustee (or the bankruptcy administrator, if any) determines that the debtor's case should be presumed to be an abuse under section707(b) . . .

11 U.S.C. § 704(b)(2).

6. On September 14, 2007, the United States trustee filed a statement declining to file a motion to dismiss under 11 U.S.C. § 707(b)(2). *See* Docket # 12 and Docket # 13.

7. A motion to dismiss a case for abuse must be filed within sixty days after the date first set for the meeting of creditors under 11 U.S.C. § 341 "unless, on request filed before the time has expired, the court for cause extends the time for filing the motion to dismiss." Rule 1017(e)(1), Fed.R.Bankr.P.

8. Sixty days from the date first set for the meeting of creditors was October 9, 2007. *See* Docket #2 - setting meeting of creditors on August 10, 2007.

9. The Motion was filed on October 5, 2007, prior to the expiration of the deadline under Rule 1017(e)(1), Fed.R.Bankr.P.

10. The United States trustee has failed to demonstrate sufficient cause for extending the

2

deadline for filing a motion to dismiss.[1] Because the Debtor's statements and schedules indicated at the outset that a presumption of abuse arose, the United States trustee was alerted to the fact that a motion to dismiss might need to be filed, whether proceeding under 11 U.S.C. § 707(b)(2) or 707(b)(3).

       WHEREFORE, IT IS HEREBY ORDERED that the Motion is DENIED.

                                            /s/ Mark B. McFeeley
                                            MARK B. McFEELEY
                                            United States Bankruptcy Judge

COPY TO:

Arun Melwani  
Attorney for Debtor  
10749 Prospect Ave NE Ste E  
Albuquerque, NM 87112-3281

Leonard Martinez-Metzgar  
Office of the United States Trustee  
PO Box 608  
Albuquerque, NM 87103

---

[1] *See In re Chamness,* 312 B.R. 421, 424 (Bankr.D.Colo. 2004) (considering the United States Trustee's request for extension of time to file a motion to dismiss, and identifying the following factors relevant to the determination of whether to extend the time for a creditor to file a complaint objecting to discharge: "a) Whether the creditor had sufficient notice of the deadline and the information to file an objection; b) The complexity of the case; c) Whether the creditor exercised diligence; d) Whether the debtor refused in bad faith to cooperate with the creditor; and
e) The possibility that proceedings pending in another forum will result in collateral estoppel.") (citing *In re Nowinski,* 291 B.R. 302 (Bankr.S.D.N.Y. 2003). *See also, In re Stonham*, 317 B.R. 544, 547 (Bankr.D.Colo. 2004)(agreeing that the party who seeks an extension of time must "establish at least a reasonable degree of due diligence to be accorded the requested extension.")(citations omitted).

3